IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathleen Scales, | ) | C/A No. 0:10-2630-MJP-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| Mark D. Rose; Allstate Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Kathleen Scales ("Plaintiff"), proceeding pro se, files this action regarding her involvement in an automobile accident with Defendant Mark D. Rose on October 12, 2007 that has not been resolved to her satisfaction. (Compl., ECF No. 1 at 3.) Defendant Rose was insured by Defendant Allstate Insurance Company. (Id.) The Complaint does not present a federal question, and the parties are not diverse. Therefore, this case is subject to summary dismissal for lack of subject matter jurisdiction.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97 (1976); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

PJG

action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never

*PJG*

presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This case should be summarily dismissed because the Court lacks jurisdiction. In order for this Court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." <u>In re Bulldog Trucking, Inc.</u>, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. <u>Pinkley, Inc. v. City of Frederick</u>, 191 F.3d 394, 399 (4th Cir. 1999) (citing <u>Lehigh Mining & Mfg. Co. v. Kelly</u>, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." <u>Bulldog Trucking</u>, 147 F.3d at 352; <u>see</u> <u>also</u> Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178 (1936)); <u>see</u> <u>also</u> <u>Dracos v. Hellenic Lines, Ltd.</u>, 762 F.2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading

PJG

of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The instant Complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. The claims pose no federal question; thus, they cannot serve as the basis for federal jurisdiction. Plaintiff alleges only a personal injury as a result of a wreck, which would sound in state law. However, federal courts are allowed to hear and decide state law claims only in conjunction with federal law claims, through the exercise of "supplemental jurisdiction." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 387 (1998). Plaintiff has presented no theories under which federal law could be implicated by this automobile accident. Since Plaintiff has asserted no cognizable federal claims, this court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims, if any. See Lovern, 190 F.3d at 655 ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

A civil action for any state claims would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992). The diversity statute requires complete



diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  See 28 U.S.C. § 1332(a).  Plaintiff is a citizen of the state of South Carolina. Plaintiff has not alleged that either of defendants are "citizens" of another state; in fact, the addresses she gives for defendants are South Carolina addresses.  (Compl., ECF No. 1 at 2-3.)  Even if the parties are diverse, however, the Complaint does not allege an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  The Complaint requests "special damages" in the amount of twenty-five thousand dollars ($25,000.00), and "may be [*sic*] another $10,000 for medical bills."  (Id. at 5.)  As Plaintiff has not presented this court with a basis for subject matter jurisdiction, her Complaint should be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.  See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 19, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).