# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| KATHLEEN SCALES, | ] | |
|---|---|---|
| Plaintiff, | ] | C/A No. 0:10-2630-MJP |
| -vs- | ] | O R D E R |
| MARK D. ROSE; ALLSTATE INSURANCE COMPANY, | ] | |
| | ] | |
| Defendant. | ] | |

In the underlying action, the plaintiff Kathleen Scales, proceeding *pro se*, filed this action against the defendants, Mark D. Rose and his insurer, Allstate Insurance Company. The matter arises out of an automobile accident between the plaintiff and the defendant Mark D. Rose in Rock Hill, South Carolina. The plaintiff alleges this matter has not be settled to her satisfaction.

Pursuant to this Courts local rules, this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. In the Report, the Magistrate Judge recommends the case be dismissed for lack of subject matter jurisdiction.

The applicable standard of review for this Court is clear. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the

Recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985). Here, the plaintiff has filed objections to the Magistrate Judge's recommendation.

     A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States, " or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interests and costs, and in which diversity or citizenship exists between the parties.   28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have a statutory or constitutional power to adjudicate a claim  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss and action if subject matter jurisdiction is lacking. Goldsmith v. Mayor & City of Council of Baltimore, 845 F.2d 61 (4th Cir. 1981).  The burden is on the party asserting the jurisdiction of the court to show that jurisdiction exists. Id. At 63-64.

     Here, the plaintiff asserts that she was injured in an automobile accident and that the matter has not been settled to her satisfaction.  Neither of these allegations give rise to federal question jurisdiction.  In addition, a review of the complaint clearly shows that complete diversity between the parties does not exist. The plaintiff lists her address as Lugoff, South Carolina and the defendants' addresses as Rock Hill, South Carolina.  In addition, the plaintiff does not contend that the amount in controversy exceeds $75, 000. The plaintiff seeks special damages of $25,000 and medical bills of $10,000.  Thus. the court agrees with the Magistrate Judge that plaintiff's complaint does not provide a basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

     The plaintiff has objected to the Magistrate Judge's Recommendation.  In her

objections, she attempts to cure the lack of diversity between the parties by seeking to amend her pleadings to assert that the defendant Allstate is headquartered in many states and to increase the amount of her damages to $250,000 in special damages and $100,000 in medical bills in order to allege the required jurisdictional amount of at least $75,000. Upon review, the plaintiff's objections are overruled.

The issue of jurisdiction may be raised at any time by either party or *sua sponte* by this court so that the court does not decide controversies beyond its authority. Plyer v. Moore, 129 F.3d 728 (4th cir. 1997). The Court looks to the original complaint in order to determine diversity jurisdiction. See Thompson v. Victoria Fire & Cas. Co., 32 F. Supp 2d 847 (D.S.C. 1999). Recognizing that the plaintiff is proceeding *pro se*, the Court has carefully reviewed plaintiff's complaint and has determined that the pleadings simply do not allege a claim cognizable in this court. The Recommendation of the Magistrate Judge is approved. This case is DISMISSED due to lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

                                          **s/MATTHEW J. PERRY, JR.**
                                          **SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**November 9 2010.**